IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

WORLD CLASS TECHNOLOGY
CORPORATION, an Oregon corporation,

Civ. No. 3:13-cv-00401-AC

                Plaintiff,

OPINION AND
ORDER

         v.

ORMCO CORPORATION, a Delaware
corporation,

                Defendant.

_____

ACOSTA, Magistrate Judge:

World Class Technology Corporation ("World Class") filed this action against Ormco

Corporation ("Ormco") seeking a declaratory judgment that World Class did not infringe on

Ormco's intellectual property.  Ormco counterclaimed for patent infringement.  After several court

rulings in World Class's Favor, Ormco appealed the court's claim construction to the U.S. Court of

Appeals for the Federal Circuit and entered into a stipulated judgment of dismissal.  Now before the

OPINION AND ORDER               1               [RMD]

court is World Class's unopposed bill of costs.

*Background*

World Class filed the present case in March 2013, seeking a declaratory judgment of non-infringement of Ormco's U.S. Patent No. 8,393,896.  After answering World Class's complaint and filing a counterclaim, Ormco filed a motion for preliminary injunction, which the court denied. *World Class Tech. Corp. v. Ormco Corp.*, — F. Supp. 2d —, Civ. No. 3:13-cv-00401-AC, 2013 WL 4050188, at *1 (D. Or. Aug. 9, 2013).

The court's claim construction construed the terms "support surface" and "ledge" according to World Class's proposed construction.  Ormco conceded that the court's construction would prevent it from prevailing on its position in the lawsuit.  Thus, it filed a notice of appeal and stipulated to entry of the Stipulated Final Judgment ("Judgment").  (Dkt. Nos. 68, 71.)  The parties agreed that the Judgment would be entered "without prejudice to any rights the parties have post-judgment and/or the parties' rights to appeal any other aspect of the Court's ruling . . . as well as any [] future orders issued by the Court."  (Dkt. No. 71 at 4.)

World Class now files a bill of costs asking the court to award the following:  (1) $350.00 for fees of the clerk; (2) $248.40 for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) $853.05 in fees and disbursements for printing; (4) $651.40 for making copies and demonstrative models; and (5) $90.01 in other costs for a total of $2,192.86. (World Class Technology Corporation's Bill of Cost ("Bill of Costs") at 1.)  The Bill of Costs is accompanied by itemized receipts in support of World Class's claim.

*Legal Standard*

Federal Rule of Civil Procedure 54(d)(1) provides that costs "should be allowed to the prevailing party" in an action.  Rule 54 creates a presumption in favor of awarding costs, but the court retains broad discretion to determine the quantity of costs awardable.  *Ass'n of Am. Educators v. State of Cal.*, 231 F.3d 572, 592-93 (9th Cir. 2000), *Farrar v. Hobby,* 506 U.S. 103, 115-16 (1992).  Given the strong presumption in favor of awarding costs, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded."  *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).  However, "[t]he court is required to ensure an award's reasonableness, regardless of whether the opposing party objected."  *Old West Fed. Credit Union v. Skillman,* No. 2:11-cv-01170-SU, 2012 WL 4594256, at *2 (D. Or. Sept. 6, 2012) (*quoting Gates v. Deukmejian*, 987 F.2d 1392, 1400-02 (9th Cir. 1992)).

*Discussion*

FED.R.CIV.P. 54 allows recovery of "taxable costs" articulated in 28 U.S.C. § 1920.  Under § 1920, the following categories of costs are "taxable":

(1) Fees of the clerk and marshal;
(2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) fees and disbursements for printing and witnesses;
(4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(4) docket fees under section 1923 of this title; and
(5) compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under section 1828 of this title.

Section 1920 "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority." *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, § 113, *as recognized*

*in Landgraf v. U.S.I. Film Prods.,* 511 U.S. 244, 251 (1994).

Where a party seeks non-taxable expenses, the court must "carefully inspect [the expense-shifting provision] for clear evidence of congressional intent that non-taxable costs should be available." *Grove v. Wells Fargo Fin. Cal.*, 606 F.3d 577, 579 (9th Cir. 2010) (*quoting Twentieth Century Fox Film Corp. v. Entm't Distrib.,* 429 F.3d 869, 885 (9th Cir. 2005). The Supreme Court has found authority to award non-taxable costs in statutes that specifically allow the recovery of costs, as well as attorney-fee statutes. *Grove*, 606 F.3d at 580. In fact, the Supreme Court has "long interpreted the phrase 'reasonable attorney's fees' to include certain litigation expenses . . . ." *Id*. The Ninth Circuit will award non-taxable litigation expenses under authority of an attorney fee statute "when it is the prevailing practice in a given community for lawyers to bill those costs separate from their hourly rates." *Id*. at 580 (*quoting Trs. Of the Constr. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006)) (internal quotation marks omitted).

## I.  Taxable Costs

World Class requests $2,102.85 in taxable costs, and supports its request with receipts and invoices to prove the expenses in fact, were incurred and are taxable. (Attachment to Def.'s Bill of Costs at 1-30.) Ormco does not oppose World Class's Bill of Costs. The court concludes that World Class's costs are taxable under § 1920, and grants World Class's request for Rule 54 costs.

## II.  Non-Taxable Costs

World Class also requests $90.01 in "other costs," including $16.88 in postage, $29.65 in teleconferencing call service expenses, $10.48 in messenger and court service fees, and $33.00 in delivery charges. None of these costs are taxable under §1920. Although Ormco does not object

to World Class's request, the court has no authority to award non-taxable expenses without an express statutory grant.

In "exceptional [patent] cases" the court has discretion to "award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Federal Circuit has held that an attorney fee award under § 285 includes certain non-taxable costs and other "sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit" *Cent. Soya Co. v. Geo. A. Hormel & Co.,* 723 F.2d 1573, 1578 (Fed. Cir. 1983), *cited favorably by the Ninth Circuit in Grove*, 606 F.3d at 581. Thus, if this case is "exceptional," the court may award World Class's non-taxable costs. *Id*.

A case is "exceptional" for purposes of § 285 if there is "unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of equal force, which makes it grossly unjust that the prevailing party be left to bear the burden" of litigation. *Purer & Co. v. Aktiebolaget Addo*, 410 F.2d 871, 880 (9th Cir. 1969). *Purer & Co* was one such "exceptional case." *Id*. There, the court exercised its discretion and awarded attorney fees because the defendant had fraudulently obtained a patent license and knowingly infringed on the subject patent after the license had been rescinded*. Id.*

Unlike *Purer,* this case is not "exceptional," and an award of non-taxable costs is inappropriate. There is no evidence that Ormco acted fraudulently or in bad faith, or that it asserted frivolous arguments. The court, therefore, has no discretion to award  non-taxable costs and denies World Class's request for $90.01 in "other costs."

*Conclusion*

For the aforementioned reasons, the court GRANTS in part and DENIES in part World

Class's Bill of Costs (Dkt. No. 74) and awards World Class $2,102.85 in taxable costs.

DATED this 28th day of January, 2014.

IT IS SO ORDERED.

                                       /s/ John V. Acosta
                                        JOHN V. ACOSTA
                         United States Magistrate Judge